UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT A. GROSS** | : | **CIVIL ACTION NO. 17-cv-0065** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **OLD REPUBLIC INSURANCE CO. ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand and Motion for Attorney's Fees [doc. 15] filed by plaintiff Robert A. Gross ("Gross") in response to a Notice of Removal [doc. 1] by Orkin, LLC ("Orkin") and Old Republic Insurance Company ("Old Republic"). Gross opposes the motion. For the reasons stated below, **IT IS RECOMMENDED** that both motions [doc. 15] be **DENIED.**

### I.
#### BACKGROUND

This case arises from a motor vehicle accident between plaintiff Gross and defendant John Douglas ("Douglas") in Calcasieu Parish, Louisiana. Doc. 1, att. 2, p. 3. Gross contends that, on or about September 23, 2015, he was rear-ended by Douglas as he (Gross) came to stop at a traffic light that was cycling from yellow to red. *Id.* Gross alleges that, at the time of the accident, Douglas was driving a company vehicle and was within the course and scope of his employment with defendant Orkin. *Id.*; *see* doc. 1, att. 3, p. 1 (substituting Orkin as defendant).

Gross filed suit against Douglas, The Rollins Corporation, and Old Republic, insurer for the other two defendants, on September 14, 2016, in the Fourteenth Judicial District Court,

Calcasieu Parish, Louisiana. Doc. 1, att. 2, pp. 3–5. Old Republic was served on September 29, 2016. *Id.* at 1.

On or about October 7, 2016, plaintiff received information from the defense counsel that counsel was representing the interests of all defendants in this matter and that The Rollins Corporation was not the proper defendant. Doc. 1, att. 3, pp. 3–4. Accordingly, Gross filed an amending petition on November 23, 2016, to substitute Orkin in the place of The Rollins Corporation, and Orkin represents that it was served with a copy on that day.[1] Doc. 1, att. 3, pp. 1–2; doc. 1, p. 2.

Through discovery defense counsel received information about the healthcare providers Gross had seen since the accident and authorizations to obtain his medical records. *See* doc. 1, att. 5. Between December 23, 2016, and January 12, 2017, defense counsel received various medical records in discovery which he maintains support a conclusion that the amount in controversy exceeds $75,000. Doc. 1, pp. 5–8; *see* doc. 1, atts. 8–11. Accordingly, Orkin and Old Republic filed a notice of removal to this court on January 18, 2017, alleging diversity jurisdiction under 28 U.S.C. § 1332.[2]

On May 12, 2017, this court issued a Notice of Intent to Dismiss as to John Douglas for plaintiff's failure to effect service. Doc. 11. On May 18, 2017, Gross filed a return of service for Douglas dated the previous day. Doc. 12. The following week, he filed the instant motion to

---

[1] In the same letter from defense counsel regarding Orkin's status as proper defendant, defense counsel stated that he could waive citation upon Orkin and would accept service via email, facsimile, or mail. Doc. 1, att. 3, p. 3. He also requested that plaintiff's counsel inform him if he obtained service on Douglas, whom he understood "**was** an employee of Orkin." *Id.* (emphasis added).

[2] Gross is a resident of the state of Texas, and alleges that Douglas is a resident and domiciliary of the state of Louisiana. Doc. 1, att. 2, p. 3; *see* doc. 13 (return of service for Douglas showing Louisiana residency). Orkin is a limited liability corporation whose sole member is Rollins, Inc. Doc. 25. Orkin provides that Rollins, Inc. is a Delaware corporation with its principal place of business in Georgia. *Id.* Thus, for diversity jurisdiction purposes, Orkin has Delaware and Georgia citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008).

Based on information it provided in the Notice of Removal, Old Republic has Pennsylvania and Illinois citizenship. Doc. 1, p. 3; 28 U.S.C. § 1332(c)(1).

remand and motion for attorney's fees, alleging that there was no removal jurisdiction because of Douglas's status as a forum defendant. Doc. 15. Douglas, Old Republic, and Orkin oppose the motions. Doc. 18.

## II.
### LAW & ANALYSIS

#### A. *Motion to Remand*

Generally, any civil action brought in a state court, over which the federal court has original jurisdiction, may be removed by the defendant to the federal district court for the district and division embracing the place where the state court action is pending. 28 U.S.C. § 1441(a). However, where an action is only removable on the basis of diversity jurisdiction, it may not be removed to federal court "if any of the parties in interest properly joined **and served** as defendants is a citizen of the State in which such action is brought." *Id.* at § 1441(b) (emphasis added). This exception, known as the "forum defendant rule," is a procedural rather than jurisdictional defect. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392–96 (5th Cir. 2009). Accordingly, it is waived if not asserted in a motion to remand brought within 30 days of the filing of the notice of removal. *Id.* at 392–93 (citing *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991)).

The defendants maintain that the motion to remand is untimely and baseless at any rate because Douglas was not served until four months after this matter was removed. Gross counters that he has been "stymied" in his efforts to serve Douglas and relies on authority from other districts allowing for a more lenient interpretation of the forum defendant rule where it appears that the defendants are engaging in gamesmanship.

Despite the plain language of § 1441(b), identifying a forum defendant as one "properly joined and served" at the time of removal, some districts in this circuit allow an exception under certain conditions for an unserved forum defendant. The courts in this circuit arguing for a lenient

interpretation focus on "snap removals," an "emerging litigation tactic" in which the case is removed before the forum defendant can be served, so that the forum defendant rule cannot be applied. *Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, *2 (N.D. Tex. Oct. 20, 2015); *see Champion Chrysler Plymouth v. Dimension Service Corp.*, 2017 WL 726943, *3–*4 (S.D. Ohio Feb. 24, 2017) (quoting *Gentile v. Biogen Idec., Inc.*, 934 F.Supp.2d 313, 316–18 (D. Mass. 2013)) (surveying approaches to snap removals). "The hallmark of a snap removal is its timing: a snap removal occurs (1) just after the state court case has been filed, and (2) just before the plaintiff has the opportunity to serve any forum defendants." *Breitweiser*, 2015 WL 6322625 at *3. Thus, the difference between a proper removal and a snap removal is "one of degree, not of kind." *Smethers v. Bell Helicopter Textron, Inc.*, 2017 WL 1277512, *2 (S.D. Tex. Apr. 3, 2017) (quotation omitted).

Although a finding that the removing parties have engaged in a "snap removal" or otherwise worked to defeat application of the forum defendant rule **may** justify leniency with respect to § 1441(b)'s service requirement, a conclusion this court has not yet reached,[3] Gross shows no authority on which such a finding would justify excusing the time limit for raising this procedural defect. Had Gross believed snap removal or other gamesmanship to be a possibility in this matter, he should have raised it within the allotted thirty days from removal and argued for an exception to the "properly joined and served" requirement, as shown above. Instead, he delayed for four months and did not seek to raise this issue until he had served Douglas.

---

[3] We recently considered the service requirement under the forum defendant rule. *See Williams v. Boyd Racing LLC*, 2016 WL 236993 (W.D. La. Jan. 19, 2016). Determining first that there was no cause for finding the defendant to be a forum defendant based on defective citizenship allegations in the notice of removal, we also concluded that a departure from the plain language of the forum defendant rule "seem[ed] unwarranted" in that matter, as there was no indication that the perfection of removal before service upon the putative forum defendant was a matter of strategy to circumvent a forum defendant violation. *Id.* at *2–*3.

Even if Gross had filed the motion in a timely manner, or even if he could show that he was entitled to the same leniency on the time requirement with which some districts have treated the "joined and served" requirement in the face of gamesmanship allegations, he still could not show that he was "stymied" by Orkin and Old Republic in his attempts to locate Douglas. Orkin and Old Republic admit that they did not respond to discovery requests as the Rule 26(f) conference had not yet been conducted. Doc. 23, p. 2. However, they demonstrate that defense counsel's staff provided the address from their files for John Douglas in emails dated October 10, 2016, though noted that they were "unsure if it's current." Doc. 23, att. 1. Although Douglas apparently could not be found at this address, it seems from the letter written by defense counsel on October 7, 2016, that Douglas was by that time a former employee of Orkin and that defense counsel was also unaware of his whereabouts. *See* doc. 1, att. 3, pp. 3–4. Additionally, though the defendants had notice of the fact that Gross was attempting to locate Douglas, they do not appear to have acted with any degree of urgency in removing the case. Finally, when this court issued its notice of intent to dismiss Douglas, Gross was able to locate and serve him within the week. *See* docs. 11, 12, 13. Accordingly, he shows no basis for remand under the forum defendant rule and the motion should be denied.

### B. *Motion for Attorney's Fees*

Gross requests costs and attorney's fees along with his motion to remand; however, he has shown no basis for granting that motion. Therefore his request for costs and fees must also be denied.

### III.
#### CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that the Motion to Remand and Motion for Attorney's Fees [doc. 15] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 25th day of July, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE