UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| ROBERT A. GROSS | * | CIVIL ACTION NO. 2:17-CV-65 |
|---|---|---|
| | * | |
| v. | * | |
| | * | JUDGE DONALD E. WALTER |
| OLD REPUBLIC INS. CO., ET AL. | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

**************************************************************************

## MEMORANDUM RULING & ORDER

Before the Court is a Report and Recommendation filed by the Magistrate Judge [Doc. #26] recommending denial of Plaintiff Robert A. Gross's ("Gross") Motion to Remand and Motion for Attorney's Fees and Costs. Plaintiff Gross filed objections. [Doc. #28]. For the reasons stated below, the Court adopts the Report and Recommendation and **DENIES** the Motion to Remand and Motion for Attorney's Fees and Costs [Doc. #15].

First, Gross generally "objects to the [Report and Recommendation's] conclusion that no basis for remand under the forum defendant rule exist[s] and the denial of the motion upon that basis." [Doc. #27, p. 3]. Because this general objection fails to direct the Court to any specific contention of error, the Court need not review this objection *de novo*. *See* 28 U.S.C. § 636(b)(1); *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). However, the remainder of Gross's objections are specific and cover most, if not all, of the factors leading to the Magistrate Judge's conclusion; therefore, *de novo* review applies.

Second, Gross "objects to the [Report and Recommendation's] attempt to ignore the plain language of 28 U.S.C. § 1441(b)(2), by failing to remand based upon a reading of the forum defendant rule that makes the forum defendant rule almost completely inapplicable." [Doc. #27, p. 4]. The forum defendant rule, 28 U.S.C. § 1441(b)(2), provides that where an action is only

1

removable on the basis of diversity jurisdiction, it "may not be removed if any of the parties in interest properly **joined and served** as defendants is a citizen of the State in which such action is brought." (emphasis added). Gross argues that construing the forum defendant rule to apply only where service on the forum defendant precedes service of the non-forum defendant "seems unwise and illogical." [Doc. #27, p. 7]. Gross asserts that it would be logical to allow a plaintiff to move for remand once a forum defendant has been served. *Id.* However, whether Gross agrees with the logic of the rule, the plain language of 28 U.S.C. § 1441(b)(2) bars **removal** on the basis of diversity jurisdiction only if a forum defendant is "**joined and served**." Gross cites no authority questioning the accuracy of this interpretation or expanding the meaning of the statute to require remand when a forum defendant is served at any point after removal. Therefore, the Court finds no error in this respect.

Third, Gross "objects to the [Report and Recommendation's] suggestion that [he] should have moved for remand on a basis that has been consistently denied in this Circuit and Districts within the circuit, and thus was untimely." [Doc. #27, p. 4]. A party has thirty days from the notice of removal in which to file a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). As stated in the Report and Recommendation [Doc. #26, p. 3], the forum defendant rule is a procedural rather than a jurisdictional defect. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-96 (5th Cir. 2009). Gross does not dispute the fact that he filed the motion to remand more than thirty days after removal. [Doc. #27, pp. 2-3]. The Magistrate Judge's "suggestion" that Gross should have filed a motion to remand within the thirty-day time frame is not a proposed finding of fact or recommendation to this Court, nor does it have any bearing on whether or not Gross's motion was untimely. The Court finds no error in the Magistrate Judge's conclusion that Gross's motion to remand was not timely filed.

In his fourth and fifth points, Gross objects to the Magistrate Judge's "requirement" that a finding of "snap removal" or "gamesmanship" is necessary to consider remand when a forum defendant has been served after removal, and further objects to the "finding that no basis exists for 'leniency on the time requirement.'" [Doc. #27, p. 4]. The Magistrate Judge described a possible exception which may allow remand in a case where there is an unserved forum defendant, referred to as snap removal,[1] but ultimately stated that Gross showed no authority which "would justify excusing the time limit for raising this procedural defect." [Doc. #26, pp. 3-4]. Although Gross objects to the Magistrate Judge's exclusive consideration of "snap removal" or "gamesmanship" as a possible exception to the forum defendant rule, Gross offers no other authority to support an extension of the time frame to file a motion to remand on the basis of this procedural issue.[2] The Court agrees with the Magistrate Judge's analysis and rejects Gross's arguments to the contrary.

Finally, Gross "objects to, based upon lack of evidence, to [the Report and Recommendation's] finding and conclusion based upon that he could not 'show he has [been] stymied' by Defendants in attempt to serve forum defendant." [Doc. #27, p. 4]. Under the hypothetical situation in which Gross timely filed the motion to remand, the Magistrate Judge considered whether the non-forum defendants engaged in gamesmanship by preventing Gross from locating the forum defendant for the purpose of effecting service. [Doc. #26, p. 5]. Finding

---

[1] Some courts have remanded based on the forum defendant rule despite an unserved forum defendant where non-forum defendants have removed the case immediately after it was filed and just before the plaintiff has had the opportunity to serve a forum defendant. *See Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *2-3 (N.D. Tex. Oct. 20, 2015) (discussing a district court split on whether a finding of "snap removal" should result in remand).

[2] Gross cites one case, outside of the Fifth Circuit, in which a district court remanded the case based on the forum defendant rule when the forum defendant was served after removal. [Doc. #28, p. 8 (citing *Confer v. Bristol-Myers Squibb Co.*, 61 F. Supp. 3d 305, 306 (S.D.N.Y. 2014)]. However, in that case, the forum defendant was served an hour and a half after the non-forum defendants removed the case. *Id.* Here, the forum defendant was served four months after removal. *See* [Docs. #1 & 13]. Further, the opinion in *Confer* does not address the issue in the instant case of whether the motion to remand was timely filed.

3

evidence in the record that the non-forum defendants provided the last known address they had for their former employee, the forum defendant, the Magistrate Judge determined that the non-forum defendants did not engage in gamesmanship, nor did they rush to remove the case, which might allow the Court to consider remand had Gross timely filed his motion. *Id.* Gross offers no arguments to dispute the facts relied upon by the Magistrate Judge and offers no other evidence of gamesmanship on the part of the non-forum defendants. Accordingly, the Court is not persuaded by this objection.

Because the Court finds no merit in Gross's objections, the Court also accepts the Magistrate Judge's recommendation to deny Gross's motion for attorney's fees and costs.

## **CONCLUSION**

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein and supplemented by this memorandum ruling, and after having thoroughly reviewed the record, including the written objections filed herein, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that Gross's Motion to Remand and Motion for Attorney's Fees and Costs [Doc. #15] is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of December, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE